# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **ARMEN YOUSSEFI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-2174-JAR-DJW |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Armen Youssefi, proceeding *pro se*, filed this action in Johnson County, Kansas, District Court, alleging that Mike Hobson, a postal service employee, mishandled and lost a registered package belonging to him. The United States filed a Notice of Substitution, certifying that Hobson is a federal employee who was acting within the scope of his office or employment at the time of the incident in question. The same day, the Government removed the case. Before the Court is the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12). Plaintiff has not responded and the time for doing so has expired. As described more fully below, the Government's motion is granted as unopposed and because Plaintiff's claims are barred by the doctrine of sovereign immunity.

**I.     Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

## II. Sovereign Immunity

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[3] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[4] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[5] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[6] Mere conclusory allegations of jurisdiction are not enough.[7]

Plaintiff alleges in his Petition that Hobson, a postal service employee, negligently

---

[2]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[4]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[5]*Montoya*, 296 F.3d at 955.

[6]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[7]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

caused the loss of a package, a tort claim. Under the Federal Tort Claims Act, a suit against the United States is the sole remedy where a Plaintiff claims that a federal employee committed negligent or wrongful conduct within the scope of their office or employment.[8] As such, the United States was properly substituted as the Defendant in this action upon certifying that Hobson was acting within the scope of his employment, and the case was appropriately removed.[9]

Sovereign immunity shields the United States, its agencies, and its employees from suit.[10] Waiver of sovereign immunity is a jurisdictional prerequisite to suits against the United States, its agencies, or its employees.[11] For any tort claims brought against the United States Postal Service, the FTCA is the sole remedy and must provide the applicable waiver of sovereign immunity in order for the Court to have subject matter jurisdiction.[12] The FTCA contains a specific exception to its waiver of sovereign immunity for mishandled mail by the USPS—the waiver does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."[13]

The allegations in Plaintiff's state court petition make clear that he seeks redress for loss of mail. Because such a claim squarely falls into an exception to the United States' waiver of sovereign immunity in the FTCA, sovereign immunity shields the United States from this claim.

---

[8] 28 U.S.C. § 2679(b)(1); 39 U.S.C. §§ 401(1), 409(c).

[9] 28 U.S.C. § 2679(d); Doc. 1 at 8–12.

[10] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[11] *Id.*

[12] 39 U.S.C. §§ 401(1), 409(c); *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

[13] 28 U.S.C. § 2680(b).

The Court therefore dismisses this case for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) is **granted**.

**IT IS SO ORDERED**.

Dated: July 15, 2013

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE